CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 3 1 2008

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal Action No. 5:06CR00029-008 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DONALD LEE SKINNER, | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | United States District Judge |

This case is presently before the court on the issue of whether the defendant should receive a reduction in sentence pursuant to the United States Sentencing Commission's retroactive application of the amended guidelines pertaining to crack cocaine. For the following reasons, the court finds no viable reason why the defendant should not benefit from the amended guidelines.

On January 26, 2007, the defendant, Donald Lee Skinner, pled guilty, pursuant to a written plea agreement, to one count of conspiring to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 846.[1] The defendant was sentenced on April 23, 2007. Under the advisory sentencing guidelines, the defendant had a total offense level of 25 and a criminal history category of II, resulting in a guideline range of imprisonment of 63 to 78 months. The court ultimately sentenced the defendant to a 63-month term of imprisonment.

Pursuant to its statutory authority, the Sentencing Commission amended the sentencing guidelines applicable to criminal cases involving crack cocaine, or cocaine base, effective November 1, 2007. Specifically, the Sentencing Commission amended the drug quantity table set forth in U.S.S.G. § 2D1.1(c), such that the base offense levels for crack cocaine offenses were generally lowered by two levels. On December 11, 2007, the Sentencing Commission further decided that, effective March 3, 2008, the amended guideline provisions will apply retroactively to

---

[1] The court notes that the charge to which the defendant pled guilty was a lesser included offense of Count One of the indictment, which charged the defendant with conspiring to distribute more than 50 grams of cocaine base.

offenders who were sentenced under prior versions of the sentencing guidelines, and who are still incarcerated. Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to 18 U.S.C. § 3582(c)(2).

Under the amended guidelines, the defendant has a total offense level of 23, resulting in a guideline range of imprisonment of 60 to 63 months.[2] On February 20, 2008, the court notified the parties that the court proposed to reduce the defendant's term of imprisonment from 63 months to 60 months. The government subsequently objected to the proposed sentence reduction, and the defendant has now filed a response. For the reasons that follow, the court will overrule the government's objections and effect the proposed reduction in the defendant's sentence.

The government makes three objections to the proposed reduction. The government first emphasizes that the defendant's role in the crack cocaine conspiracy consisted of purchasing small amounts of crack cocaine for resale and assisting with the transportation of drugs from Washington, D.C. to the Western District of Virginia. The government also objects to the proposed sentence reduction on the basis that the defendant's criminal record includes prior convictions for eluding the police, assault and battery, and construction fraud. Finally, the government indicates that the defendant has committed one institutional violation. However, the government does not identify the specific violation committed by the defendant or otherwise provide any further description. While the court recognizes that the defendant facilitated the distribution of a large quantity of crack

---

[2] The low end of the amended guideline range is the 5-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B). Although the defendant argues to the contrary, the defendant is subject to this mandatory minimum sentence, since he pled guilty to one count of conspiring to distribute five grams or more of cocaine base. Section 841(b)(1)(B) specifically states that a violation of § 841(a), which involves 5 grams or more of a mixture or substance containing cocaine base, is subject to a mandatory term of imprisonment of "not . . . less than 5 years and not more than 40 years . . . ." 21 U.S.C. § 841(b)(1)(B).

2

cocaine, the defendant's role in the conspiracy was taken into consideration when the court originally sentenced the defendant. Likewise, the defendant's criminal history was taken into consideration when the defendant was originally sentenced. Consequently, the court concludes that neither factor should now prevent the defendant from benefitting from the amended guidelines. Likewise, the court is unable to conclude that the defendant's institutional misconduct is significant enough to bar a reduction in the defendant's sentence.

The court notes that in sentencing this defendant, the court relied heavily on the advisory guidelines in establishing a starting point for determining a fair and just sentence. In the court's view, the amendments to the guidelines pertaining to crack cocaine represent a change in the fundamental philosophy and statistical assessment upon which the advisory guidelines are premised. In accord with this change in philosophy, and having considered the factors set forth in 18 U.S.C. § 3553(a) and U.S.S.G. § 1B1.10 (2007 Supp.), the court will reduce the defendant's sentence to 60 months. All other terms of the original sentence will remain the same.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

ENTER: This 31st day of March, 2008.

_____
United States District Judge

3

Case 5:06-cr-00029-GEC-JGW    Document 419    Filed 03/31/08    Page 3 of 3    Pageid#: 1162